SARAH B. MOWELL, PLAINTIFF-RESPONDENT, v. FRANK A. VON MOSCHZISKER ET AL., DEFENDANT-APPELLANT.

Argued February 8, 1932—Decided May 16, 1932.

"Plaintiff's action was for malicious prosecution and grounded in the arrest, indictment and trial of plaintiff on a charge of 'knowingly, unlawfully, maliciously and with criminal intent' sending and delivering to Emma L. Von Moschzisker an anonymous, blackmailing letter. There was a verdict of $25,000 for plaintiff against both defendants. The trial court granted a rule with exceptions reserved, and

the judgment was reduced to $13,000. The present appeal brings up the points of law raised under the reserved exceptions.

"The first point is that the court erred in charging the jury as to the liability of the husband to respond in punitive damages for the tort of his wife. Appellant's contention is that Frank A. Von Moschzisker's liability was due solely to the fact that he was the husband of Emma L. Von Moschzisker, who made the formal complaint that caused the arrest, and that the court's charge permitted not only compensatory damages but also, and improperly, punitive damages against Mr. Von Moschzisker as the husband of a tort feasor; it involved him as co-operating with his wife in the tort. Moreover, the cause of action arose prior to the corrective legislation of 1929 (*Pamph. L.* 1929, *ch.* 120); and punitive participated in the wife's tort. *Sargeant* v. *Fedor,* 3 *N. J. Mis. R.* 832; 17 *C. J.* 989, § 288. The husband is liable because of the oneness of the twain in the eyes of the law. *Lombard* v. *Batchelder* (*Vt.*), 5 *Atl. Rep.* 511. The point is not well taken.

"It is next alleged that the court improperly charged the jury that no limitation could be imposed upon them as to what they should do on questions of fact, the imputed inference being that the rules enunciated by the court could be disregarded. We think that the charge, constructed as a whole, does not sustain this criticism. Appellants except a single sentence from its context. But the whole intendment of the charge is that the jury shall be governed in their findings by the evidence in the case, subject to the principles of law pronounced by the court. We think the jury could have been under no misapprehension on this score.

"The third point is a criticism of the charge wherein the court directed the jury that the advice which would protect the defendants in instituting the criminal proceedings was the advise of lawyers and not of handwriting experts. Appellants present no citations of law to sustain their argument. What the court said was: 'The mere consultation of handwriting experts, standing alone, does not come within the

rule of justification.' Advice of counsel, as a complete defense to an action for malicious prosecution, is amply discussed in *Weinstein* v. *Klitch*, 146 *Atl. Rep.* 219. We find nothing in the reasoning of that case to indicate that the advice of a handwriting expert may be set up as an equivalent to that of counsel, learned in the law, as a "justification" for lodging a criminal complaint against another. The charge was sound.

"The fourth point is that 'the court erred in charging the jury in effect that the burden of proof was upon the defendant.' We think the language of the charge does not bear that construction.

"The fifth point is that the court erred in charging that the jury could take into consideration as an element of damage the plaintiff's expenses in respect to medical bills for her sickness. The language complained of is: 'There has been also testimony in the case with respect to medical bills and sickness after the arrest.' Appellants do not cite the words that immediately follow this language, namely: 'I have not enumerated those elements in pointing out to you what are proper elements of damage, and I am going to ask you to be guided by my statement as to that.' We read this as meaning that inasmuch as the court had not enumerated medical bills as a proper element of damage, the jury was not to do so.

"We find no error. The judgment below should be affirmed, with costs."

For the appellants, *Ward & McGinnis*.

For the respondent, *John B. Zabriskie*.

PER CURIAM.

The judgment under review will be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, BODINE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 11.

*For reversal*—None.